# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANDRA L. WASHEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 7706 |
| | ) |
| UNION FIDELITY LIFE INSURANCE | ) Wayne R. Andersen |
| COMPANY, d/b/a G.E. FINANCIAL | ) District Judge |
| ASSURANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of defendant Union Fidelity Life Insurance Company ("Union Fidelity") to dismiss plaintiff Sandra L. Washek's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

On June 12, 2000, plaintiff Washek began her employment with defendant Union Fidelity. On June 12, 2003, Washek filed her first Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), in which she accused Union Fidelity of discrimination based on gender and retaliation. On October 17, 2003, after months of unsuccessful mediation attempts between Washek and Union Fidelity, Union Fidelity terminated plaintiff Washek's employment. Washek subsequently filed a second Charge of Discrimination with the EEOC on April 30, 2004, alleging the same claims against Union Fidelity. On November 29, 2004, Washek filed a two count complaint alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991.

Effective June 1, 2000, Union Fidelity adopted and implemented an alternative dispute resolution program called RESOLVE to cover employment-related disputes between Union Fidelity and its employees. The "covered claims" include both gender discrimination and retaliation claims, which are the specific claims alleged in plaintiff Washek's complaint. In accordance with the terms of the RESOLVE program, all individuals hired on or after June 1, 2000 must, as a condition of their hire, agree to submit their employment-related disputes to the RESOLVE program rather than filing a lawsuit.

Prior to beginning her employment with Union Fidelity, Washek signed the Union Fidelity "Conditions of Employment" form. By signing this form, Washek acknowledged that she had received and reviewed a copy of the RESOLVE Program Handbook and that she agreed to abide by the terms of the program. This agreement includes Washek's consent to the requirement that she submit any "covered claims" she makes against Union Fidelity to the binding arbitration procedure provided by the RESOLVE program in lieu of filing a lawsuit. Because Washek has alleged claims covered by RESOLVE in her complaint, rather than attempt to resolve the dispute through the RESOLVE program, Union Fidelity now moves to dismiss her complaint for lack of subject matter jurisdiction.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the factual allegations made in the complaint as true and construe reasonable inferences in favor of the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). However, a court is not

restricted to the jurisdictional contentions asserted in the complaint but may use other evidence that has been submitted on the issue of determining whether subject matter jurisdiction actually does exist. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

**I.     The RESOLVE Agreement to Arbitrate is Enforceable.**

As a preliminary matter, we note that the Federal Arbitration Act ("FAA") explicitly permits the use of arbitration and authorizes individuals to contract for arbitration. 9 U.S.C. §§ 1-10 (2005). The FAA governs arbitration agreements and states that an arbitration clause "shall be valid, irrevocable, and enforceable save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2 (2005). Courts must give due respect to this federal policy of favoring arbitration and resolve ambiguities regarding the scope of an arbitration clause in favor of arbitration. *Bauer v. Morton's of Chicago*, 2000 U.S. Dist. LEXIS 1453, at *4 (N.D. Ill. Feb. 9, 2000).

Agreements to arbitrate pursuant to RESOLVE generally have been enforced by federal courts. *See Campbell v. Sterling Jewelers, Inc.*, 2005 LEXIS 7675 (N.D. Ill. April 15, 2005); *Gonzalez v. GE Group Administrators, Inc.*, 321 F. Supp. 2d 165 (D. Mass. 2004); *Fisher v. GE Medical Systems*, 276 F. Supp. 2d 891 (M.D. Tenn. 2003). By signing the Union Fidelity "Conditions of Employment," plaintiff Washek agreed to submit her employment-related disputes to arbitration, as governed by the RESOLVE program, rather than filing a lawsuit. *See* Union Fidelity Conditions of Employment on the RESOLVE Program. Washek claims, however, that her consent to follow the terms of RESOLVE is unenforceable. Specifically, Washek contends that RESOLVE hinders her right to be represented by an attorney, limits the relief she may receive as a plaintiff by preventing her from recovering attorneys' fees and costs

3

should she prevail at arbitration, and thwarts her objective of improving the employment policies and practices of Union Fidelity.

As defendant properly points out, however, RESOLVE does not substantially limit the plaintiff's right to be represented by an attorney. The RESOLVE program allows the parties involved in arbitration to consult attorneys throughout the arbitration process. *See* RESOLVE Handbook, at 19. It only bars attorneys from attending the meetings during the first two levels of the arbitration procedure. *See* RESOLVE Guidelines, at 15, 17-18. This limitation applies to all parties involved and thus does not put Union Fidelity at an advantage over the plaintiff. *See* RESOLVE Guidelines, at 15, 17-18.

RESOLVE also does not preclude the plaintiff from recovering attorneys' fees and costs should the plaintiff prevail at arbitration. RESOLVE explicitly allows that Union Fidelity may be required to pay the plaintiff's attorneys' fees and costs, as long as the applicable law permits. *See* RESOLVE Handbook, at 15. In other cases, federal courts have upheld arbitration agreements with similar provisions. *DeGroff v. MascoTech Forming Techs.*, 179 F. Supp. 2d 896, 910 (N.D. Ind. 2001).

Plaintiff Washek also claims that the RESOLVE process hinders her goal of improving the employment policies and practices of Union Fidelity. However, the RESOLVE Guidelines clearly contradict this allegation, stating:

The arbitrator may in connection with the covered claim of a specific employee decide whether the Company has complied with its policies, procedures, rules or practices, and/or whether such policies, procedures, rules and/or practices are in violation of applicable state or federal law, and in the case of a finding of violation, the arbitrator may, solely with respect to the

4

claimant, order the Company to change the application of its policies, procedures, rules or practices.

*See* RESOLVE Guidelines, at 30.

Other district courts have held that such a provision allowed employee-plaintiffs adequate relief. *See Amaram v. GE Financial Assurance Holdings, Inc.*, 2002 U.S. Dist. LEXIS 27921, at *6-7 (E.D. Va. 2004); *Gonzalez*, 321 F. Supp. 2d 165, 170 (D. Mass. 2004). Thus, because the RESOLVE program does not improperly limit the plaintiff's relief, the program is enforceable.

## II. Union Fidelity Did Not Waive its Right to Compel Arbitration

Washek further claims that, even if the RESOLVE arbitration program is enforceable, Union Fidelity waived its right to compel arbitration by not raising the RESOLVE process until Washek had filed her complaint. Washek contends that Union Fidelity should have suggested using the arbitration procedure when she first complained of discrimination to its human resources department and when she filed her charges with the EEOC.

There is no clear-cut method to determine what constitutes a waiver of the right to arbitrate. *St. Mary's Med. Ctr. Of Evansville v. Disco Aluminum Products Co.*, 969 F.2d 585, 587-8 (7th Cir. 1992). "The essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate." *Id.* at 588. Courts in this district have found that participation in EEOC procedures is not inconsistent with the right to arbitrate. *Medina v. Hispanic Broadcasting Corp.*, 2002 U.S. Dist. LEXIS 4059, at *11. The fact that Union Fidelity cooperated with plaintiff Washek's EEOC actions is not inconsistent with the right to arbitrate, nor is it an indication that Union Fidelity waived its right to compel arbitration. Once plaintiff filed her complaint in this court, Union Fidelity did not delay in

5

raising the RESOLVE agreement to arbitrate. Thus, Union Fidelity did not waive its right to assert the use of RESOLVE arbitration.

## III. Dismissal is the Proper Action to Take Regarding Plaintiff's Complaint

Finally, plaintiff Washek requests that the court stay her case and compel arbitration rather than dismiss the entire case. However, other courts have opted to dismiss, rather than stay, an action when the claims are subject to arbitration. *Medina v. Hispanic Broadcasting Corp.*, 2002 U.S. Dist. LEXIS 4059, at *12 (N.D. Ill. March 12, 2002). Since all of plaintiff Washek's claims are covered by the RESOLVE terms, and thus subject to arbitration, it is proper for the court to dismiss the case.

The RESOLVE arbitration of Washek's claims should proceed according to the representations made by Union Fidelity. The first three levels of the process should be considered to have been fulfilled by the EEOC proceedings, and Washek's claims must now be considered at level four arbitration. If defendant Union Fidelity fails to abide by its representations to allow Washek's claims to enter RESOLVE at level four, plaintiff Washek may seek recourse with this court.

## CONCLUSION

For the foregoing reasons, we grant the motion of defendant Union Fidelity to dismiss the plaintiff Washek's complaint for lack of subject matter jurisdiction.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: June 30, 2005

6